# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 22-12V
### Filed: March 30, 2026

|  |  |
|---|---|
| WILLIAM RASH,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for petitioner.*
*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On January 5, 2022, petitioner, William Rash, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1.)  Petitioner alleged that as a result of his September 11, 2020 influenza ("flu") vaccination he suffered a Table Injury of a shoulder injury related to vaccine administration ("SIRVA"), or alternatively, a shoulder injury caused-in-fact by his vaccination.  (*Id.* at 1, 7.)

On January 8, 2026, a ruling on entitlement was issued, finding petitioner entitled to compensation for his shoulder injury.  On March 30, 2026, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $25,000.00.  (ECF No. 49.)  In the Proffer, respondent represented that petitioner agrees with the proffered award.  (*Id.*)  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $25,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

WILLIAM RASH,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 22-12V (ECF)
Special Master Horner

**PROFFER ON AWARD OF COMPENSATION[1]**

On January 5, 2022, William Rash ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), as amended, alleging that he sustained a Shoulder Injury Related to Vaccine

Administration ("SIRVA") following receipt of an influenza ("flu") vaccination administered on

September 11, 2020.  Petition at 1 (ECF No. 1).  On September 12, 2025, the Secretary of Health

and Human Services ("respondent") filed his Rule 4(c) Report arguing that compensation was

not appropriate in this case.  ECF No. 41.  On January 6, 2026, after petitioner filed an expert

report, respondent filed an Amended Rule 4(c) Report, maintaining that while he did not believe

compensation was appropriate, he would not continue to defend this case.  ECF No. 44.  On

January 8, 2026, the Special Master issued a Ruling on Entitlement, finding that petitioner is

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after
the Damages Decision is issued.

entitled to vaccine compensation for a shoulder injury following the flu vaccine he received on

September 11, 2020.[2]  ECF No. 45.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

**$25,000.00** in pain and suffering.  This amount represents all elements of compensation to which

petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award/Recommended Payment

The parties recommend that compensation provided to petitioner should be made through

one lump sum payment as described below and request that the Special Master's decision and the

Court's judgment award the following:[3]

A lump sum payment of **$25,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, William Rash.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the special master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the special master's January 8, 2026, entitlement decision.

[3]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ *Joseph D. Leavitt*
JOSEPH D. LEAVITT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 880-0390
Dated: March 30, 2026                joseph.leavitt@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that today, March 30, 2026, I sent a copy of the foregoing pleading via electronic

mail to petitioner's counsel, David Carney, at dcarney@greenlegalteam.com.

s/ *Joseph D. Leavitt*
JOSEPH D. LEAVITT

3